## Case No. 9,675.

### In re MITTELDORFER.

### Ex parte ROWLAND.

[Chase, 288;[1] 3 N. B. R. 1 (Quarto, 1).]

Circuit Court, D. Virginia. 1869.

BANKRUPTCY — EXPENSES IN SECURING ADJUDICATION—REIMBURSEMENT—REASONABLENESS OF CLAIM.

1. When one or more creditors petition for and procure an adjudication of bankruptcy against a debtor, they may on motion be reimbursed their reasonable expenses.

[Approved in Re New York Mail S. S. Co., Case No. 10,208. Cited in Re Mead, Id. 9,364. Criticised in Russell v. Farley, 105 U. S. 445.]

2. The fund is the fruit of the diligence of such creditors, and it would be manifestly unjust to compel them to bear alone the expenses incurred for the benefit of all.

3. Whenever a claim for reasonable expenses so incurred is made and admitted by the assignee, an order should be made by the district judge for its payment.

This was a petition under the second section of the bankrupt act, for the review of an order of the district judge allowing a claim for expenses incurred by the petitioning creditor, in procuring the adjudication of bankruptcy in this case. These parties, Moses and Charles Mitteldorfer, were adjudicated bankrupts upon the petition of Messrs. Lathrop, Ludington & Co. of New York, creditors, and assignees were duly chosen and qualified and took possession of the assets. S. S. Rowland, styling himself attorney, and purporting to act for and at the instance of a majority of the creditors, submitted a bill of expenses and disbursements made on their behalf. The items were as follows:

| | |
|---|---:|
| Deposit fee | $ 50 00 |
| Keeper's fee in charge of store to February 1 | 70 00 |
| Marshal's fee taking inventory | 185 00 |
| Insurance on stock goods | 40 00 |
| Expenses and services in attending trial and adjudication of bankruptcy | 220 00 |
| Attending meeting of creditors, and representing majority in number and amount in electing assignees | 150 00 |
| Trial and examination of bankrupts during three weeks | 490 00 |
| Paid E. Y. Cannon, extra counsel | 250 00 |
| | $1,455 00 |

Mr. Rowland swore before Register Bond, that the said disbursements and expenses had been necessarily and actually incurred and paid by him in the said proceedings in bankruptcy. Register Bond endorsed his opinion on the bill that it should be paid before any general distribution of the assets, and the district judge approved and allowed the same by order of the court. The assignees refused to pay the said bill, whereupon the district judge made an order stating that it "appeared to the satisfaction of the court that the costs and disbursements incurred in the proceedings in this matter have been duly taxed before

---

[1] [Reported by Bradley T. Johnson, Esq., and here reprinted by permission.]

the register in bankruptcy and certified to this court, and that an order allowing the same has been duly entered and served upon one of the assignees, and it further appearing, by the affidavit of S. S. Rowland, that the said assignee disregards the said order and denies the authority of the court in respect to the same," and directing the assignees in bankruptcy "forthwith upon the service of the order to draw their warrant or check upon the funds of said estate in their hands, for the sum of fourteen hundred and fifty-five dollars, negotiable and payable to the order of Lathrop, Ludington & Co.," and deliver the same to H. G. Bond, register. The assignees thereupon petitioned the circuit court averring that the said orders were erroneous, and asking that the same may be reviewed and reversed for the reasons: (1) Because there has never been a taxation of the costs in the said cause. Such a taxation was demanded by one of your petitioners in behalf of himself and his co-assignee, and it was refused by the register, H. G. Bond, Esq. (2) Because what is pretended to be a taxation of costs, is nothing more than the account of the said S. S. Rowland, endorsed with the written opinion of the register in bankruptcy that it ought to be paid before any general distribution of the fund. (3) Because the said account is unsupported by any vouchers. (4) Because no opportunity was allowed to your petitioners to contest the items of said claim, it having been presented to the register in bankruptcy and irregularly endorsed by him, was ordered by the district court to be paid without having been referred to your petitioners for examination. (5) Because the said account is upon its face extortionate and unjust, the major part of said claim being for services as counsel, that is to say the sum of eleven hundred and ten dollars, of which eight hundred and sixty dollars are for the legal services rendered by the said Rowland, the remaining two hundred and fifty being for the services of E. Y. Cannon, Esq., a regular practicing attorney in the said court. (6) Because the said Rowland, while he pretends to be an attorney, is in truth and in fact as your petitioners are informed and believe a regular employee in the house of Lathrop, Ludington & Co., at a regular annual salary. He is certainly not a regular practicing attorney in this city, and has never paid the license tax required by the state of Virginia and city of Richmond to be paid by all practicing attorneys. (7) Because the services of one regular practicing attorney were quite sufficient for all the purposes of the case, and the fee said to have been paid by said Rowland to E. Y. Cannon, Esq., was ample remuneration for the necessary legal services. (8) Because the money pretended to have been paid by the said Rowland, was in truth and in fact paid by his employers, and this "bill of costs" is but another attempt upon the part of the said Rowland to secure for his employers an undue share in the proceeds of the bankrupt's

effects. (9) Because the said Rowland being regularly in the employ of said Lathrop, Ludington & Co., was required by them as their employee to do what he now pretends to charge for as counsel, and if other creditors agreed to unite with his employers in the proceeding and requested the said Rowland to act for them, it is the duty of such creditors to contribute their rateable proportion out of their private funds, to pay him; they certainly have no right to require that other creditors, who neither employed Mr. Rowland nor desired his services, should be required to contribute to pay him (or his employers) anything, much less the unnecessary, extravagant, and extortionate claim for legal services said to have been rendered by him at the request of a majority of the creditors. So far as the proper charge for the services of Mr. Cannon, who was regarded as the counsel in this case, and other proper items in the account have been paid by Messrs. Lathrop, Ludington & Co., there of course will be no objection to refunding them, when proper vouchers are produced by them; but it would be monstrous that one fourteenth of the whole assets should be absorbed by this "bill of expenses," and thus increase the dividend of Lathrop, Ludington & Co., and diminish that of every other creditor in the cause.

Thomas P. August, for petitioner.

L. H. Chandler and H. G. Bond, for respondent.

CHASE, Circuit Justice. This is a petition for a revision of the allowance by the register in bankruptcy, and confirmed by the district court, allowing a certain compensation as counsel to S. S. Rowland, for services in procuring the adjudication of the bankruptcy. The claim of Rowland, who styles himself attorney, was presented to Register Bond, purporting to be an account of expenses and disbursements in behalf, and at the instance of a majority of the creditors. It amounted to one thousand four hundred and fifty five dollars, including a counsel fee of two hundred and fifty dollars, paid to E. Y. Cannon, Esq. The account was sworn to by Rowland, and received the endorsement of the register to the effect that he should be paid before any general distribution of the funds, and was afterwards, on May 5, allowed by the district court. Afterwards, on October 28, 1868, the district court made an order, reciting, among other things, that it appeared to the satisfaction of the court that the costs and disbursements incurred in the proceedings had been duly taxed before the register in bankruptcy, and certified to this court, and that the order allowing the same had been duly entered, and served upon one of the assignees, and that it further appeared by the affidavit of S. S. Rowland, that the assignee disregarded the order, and denied the authority of the court in respect to it; and thereupon the court ordered the assignee

forthwith to pay the sum by warrant, or check upon the funds of the estate for the sum of one thousand four hundred and fifty dollars, negotiable and payable to the order of Lathrop, Ludington & Co., and deliver the same to Register Bond, if sufficient funds belonging to the estate of the bankrupts were in the hands of the assignee.

The petitioners claim that the orders were erroneous, and ask that they be reversed. They insist that there has been no taxation of costs in this case, that what has been called a taxation of costs is nothing but the account of Rowland, with the opinion of Register Bond endorsed upon it that it should be paid before any general distribution of the funds; that the account is unsupported by any vouchers; and that it had not been sent to them for their examination and report; and that no opportunity to contest the items of the claim had been afforded to the petitioners; that the account itself is exorbitant and unjust, a great part of the claim, that is to say, one thousand one hundred and ten dollars being for services as counsel; of which eight hundred and sixty dollars are for legal services rendered by Rowland, the remaining two hundred and fifty dollars for the services of E. Y. Cannon, Esq., attorney, Richmond; that Rowland was not an attorney, but an employee of Lathrop, Ludington & Co. at a regular annual salary; that the money pretended to be paid by Rowland was in fact paid by his employers; and that the bill of costs is but an attempt on their part to secure an undue share in the proceeds of the bankrupt's effects.

There can be no doubt where one or more creditors petition for, and procure an adjudication of bankruptcy against a debtor, they may on motion be reimbursed for their reasonable expenses. The fund is the fruit of the diligence of such creditors, and it would be manifestly unjust to compel them to bear alone the expenses incurred for the benefit of all. Such was the opinion of Judge Benedict, in Re Schwab [Case No. 12,498]. In his opinion the judge cites the opinions of other district judges to the same effect.

It is clear, therefore, that all reasonable expenses incurred by Lathrop, Ludington & Co., as the petitioning creditors in this case, should be allowed to them, and it will be proper when their claim is made and admitted, that an order should be made to this effect by the district judge. The assignees, however, complain that the allowance made is excessive, and I am inclined to think, with reason; certainly an opportunity must be afforded them to contest the items of the claim.

I shall, therefore, reverse the orders made in the district court, and the case will be referred back to that court with instructions to allow the petitioning creditors to file a claim for the expenses incurred by them, and to allow such sum as shall appear just and reasonable in the circumstances, having due regard to the interests of the other creditors. In re Williams [Case No. 17,704], per Judge Bryan; In re Jaffray [Id. 7,170], per Judge Lowell.

[NOTE. The case was heard at the same term of the court upon petition of the assignees for review of order of district court ordering the assignees to pay certain money over to Moses Mitteldorfer, trustee. Case No. 9,674.]